Paul A. Rigali (SBN 262948)
*prigali@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Andrew P. Shelby (*pro hac vice forthcoming*)
*ashelby@novackmacey.com*
Serena G. Rabie (*pro hac vice forthcoming*)
*SRabie@novackmacey.com*
**NOVACK AND MACEY LLP**
100 N. Riverside Plaza, 15th Floor
Chicago, IL 60606
Telephone:  (312) 419-6900
Facsimile:  (312) 419-6928

Attorneys for Defendant
VINCENT SCHMELTZ III

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FELIPE NERY GOMEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>CHARLES SCHWAB & CO., INC.<br>GARRETT WYNNE, AND<br>VINCENT TRACE SCHMELTZ,<br><br>          Defendants. | Case No. 2:22-cv-00576-JLS-JDE<br><br>**DEFENDANT VINCENT SCHMELTZ III'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 12(b)(2)-(5)]**<br><br>Date:        October 7, 2022<br>Time:        10:30 a.m.<br>Judge:       Hon. Josephine L. Staton<br>Location:    Courtroom 8A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 7, 2022 at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 8A of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant VINCENT SCHMELTZ III ("Defendant") will and hereby does, move to dismiss claims for relief pled by Plaintiff FELIPE NERY GOMEZ in their  Complaint against Defendant in the above-captioned matter.  Defendant brings this Motion pursuant to Federal Rule of Civil Procedure 12(b) on the following grounds:

1.      The Court should dismiss the claims under Rule 12(b)(5) because the process delivered to Defendant was not proper.

2.      The Court should dismiss the claims under Rule 12(b)(2) because the  process  served was insufficient.

3.      The Court should dismiss because there is not general or specific jurisdiction over Defendant.

4.      The Court should dismiss the claims under Rule 12(b)(3) because venue  is  not  proper.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Vincent Schmeltz, the Request for Judicial Notice, and the file and records in this case, and any further argument the Court deems just and proper at the hearing on this Motion.

This Motion is made following good faith attempts by Defendant's counsel to conduct a conference of counsel pursuant to Local Rule 7-3.  Plaintiff, who is unrepresented, refused to participate in a conference.

1  Dated:  June 3, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARSON LLP

By: ____/s/ Paul A. Rigali_____
      Paul A. Rigali
      and
      Andrew P. Shelby
      (*pro hac vice forthcoming*)
      NOVACK AND MACEY LLP

Attorneys for Defendant
VINCENT SCHMELTZ III

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    BACKGROUND ...................................................................................... 2

    A.    The Complaint's General Allegations .............................................. 2

    B.    The Complaint's Allegations Against Mr. Schmeltz ............................. 3

    C.    The Interpleader Action And Resulting Disciplinary Measures ............. 3

    D.    The Parties And Their Domiciles ..................................................... 4

    E.    Plaintiff's Purported Service On Mr. Schmeltz ................................ 4

III.    THE COURT SHOULD DISMISS THE CLAIMS AGAINST MR.
SCHMELTZ PURSUANT TO RULES 12(B)(4) AND (5) ........................... 5

    A.    The Court Should Dismiss Under Rule 12(b)(4) .................................. 5

    B.    The Court Should Dismiss Under Rule 12(b)(5) .................................. 6

IV.    THE COURT SHOULD DISMISS THE CLAIMS AGAINST MR.
SCHMELTZ PURSUANT TO RULE 12(B)(2) ......................................... 7

    A.    There Is No General Jurisdiction Over Mr. Schmeltz ......................... 8

    B.    There Is No Specific Jurisdiction Over Mr. Schmeltz ......................... 9

        1.    No Purposeful Availment .......................................... 10

        2.    This Case Does Not Arise Out Of Mr. Schmeltz's
California Activities ................................................... 13

        3.    Jurisdiction Over Mr. Schmeltz Would Not Be Reasonable ...... 13

V.    THE COURT SHOULD DISMISS THE CLAIMS AGAINST MR.
SCHMELTZ UNDER RULE 12(B)(3) ..................................................... 15

VI.    CONCLUSION ...................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Abbas v. Vertical Entm't, LLC*,
    No. 2:18-cv-7399-CBM-AFM, 2019 WL 3000654 (C.D. Cal. May
    30, 2019) ................................................................................................................ 8

*Abrahamson v. Berkley*,
    No. 16-cv-0348, 2016 WL 8673060 (E.D. Cal. Sept. 2, 2016) ......................... 12

*Alexandria Real Estate Equities, Inc. v. RUNLABS (UK) Ltd.*,
    No. 18-cv-07517, 2019 WL 4221590 (N.D. Cal. Sept. 5, 2019) ....................... 11

*AMA Multimedia, LLC v. Wanat*,
    970 F.3d 1201 (9th Cir. 2020) ................................................................. 9, 10, 13

*Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cnty.*,
    480 U.S. 102 (1987) ........................................................................................... 14

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017) ............................................................................. 9

*Ayres v. Jacobs & Crumplar, P.A.*,
    99 F.3d 565 (3d Cir. 1996) .................................................................................. 6

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008) ............................................................................. 7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ........................................................................................... 10

*Clancy v. Allstate Ins. Co.*,
    No. 20-cv-08668, 2021 WL 3861421 (N.D. Cal. Aug. 30, 2021) ....................... 7

*Core-Vent Corp. v. Nobel Indus. AB*,
    11 F.3d 1482 (9th Cir. 1993) ............................................................................. 13

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ............................................................................................. 9

*Doe v. Geller*,
    533 F. Supp. 2d 996 (N.D. Cal. 2008)...................................................14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) .................................................................................9

*Henry v. City of Oakville*,
    869 F.2d 1497 (9th Cir. 1989) .................................................................7

*Imageline, Inc. v. Hendricks*,
    No. 09-cv-1870 DSF, 2009 WL 10286181
    (C.D. Cal. Aug. 12, 2009) ......................................................................12

*Jackson v. Hayakawa*,
    682 F.2d 1344 (9th Cir.1982) ..................................................................5

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
    22 F.4th 852 (9th Cir. 2022) ................................................................7, 8

*Nutrition Distrib. LLC v. Fulfillment Pros LLC*,
    No. 16-cv-3115-BAS-JLB, 2017 WL 3605340
    (S.D. Cal. Aug. 21, 2017)..................................................................12, 14

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998) .................................................................8

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ...............................................................11

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ...............................................................12

*Republic of Kazakhstan v. Ketebaev*,
    No. 17-CV-00246-LHK, 2017 WL 6539897
    (N.D. Cal. Dec. 21, 2017).....................................................................8, 9

*Rupert v. Bond*,
    68 F. Supp. 3d 1142 (N.D. Cal. 2014)....................................................10

*Salesbrain, Inc. v. AngelVision Techs.*,
    No. 12-cv-05026, 2013 WL 1191236
    (N.D. Cal. Mar. 21, 2013) ......................................................................11

LARSON
LOS ANGELES

Case No. 2:22-cv-00576-JLS-JDE

DEFENDANT SCHMELTZ'S MOTION TO DISMISS COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................ 8

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990) ............................................................ 10

*Terracom v. Valley Nat'l Bank*,
   49 F.3d 555 (9th Cir. 1995) ................................................................ 13

*Walden v. Fiore*,
   571 U.S. 277 (2014) ........................................................................... 11

*Wasson v. Riverside Cnty.*,
   237 F.R.D. 423 (C.D. Cal. 2006) ..................................................... 5, 6

**Federal Statutes**

28 U.S.C.
   § 1391(b) ............................................................................................ 15
   § 1391(b)(1) ....................................................................................... 15
   § 1391(b)(1) ....................................................................................... 16
   § 1391(b)(2) ................................................................................. 15, 16

RICO Act ............................................................................... 1, 2, 4, 10

**Other Authorities**

Fed. R. Civ. P.
   Rule 4 .................................................................................................. 7
   Rule 4(a) ........................................................................................... 5, 6
   Rule 4(b) ........................................................................................... 5, 6
   Rule 4(m) ............................................................................................. 7
   Rule 12(B)(2) ....................................................................................... 7
   Rule 12(b)(3) ...................................................................................... 15
   Rule 12(b)(4) .................................................................................... 5, 6
   Rule 12(b)(5) ........................................................................................ 6

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3     Mr. Schmeltz is a Chicago-based lawyer. He represented Charles Schwab &

4 Co. Inc. ("Schwab") in an interpleader action against Plaintiff in the United States

5 District Court for the Northern District of Illinois (the "Interpleader Action"). The

6 Interpleader Action sought to resolve the issue of whom—as between Plaintiff and

7 his son—was entitled to the proceeds of two Schwab accounts. Those accounts are

8 the subject of this case. In the initial stages of the Interpleader Action, Plaintiff was

9 an Illinois lawyer. But, as a result of communications Plaintiff sent to Mr. Schmeltz

10 (and others): (a) the Executive Committee of the Northern District of Illinois disbarred

11 Plaintiff from practicing in that District for two years; and (b) the Illinois Attorney

12 Registration and Disciplinary Commission (the "Illinois Disciplinary Commission")

13 suspended Plaintiff's Illinois law license.

14     Plaintiff has now brought this case to retaliate against Mr. Schmeltz for his

15 representation of Schwab and his testimony in Plaintiff's disciplinary proceeding.

16     When faced with an adversary proceeding, Plaintiff's strategy is to baselessly

17 accuse his opponents and opposing counsel of misconduct or crimes. For example,

18 during the Interpleader Action, Plaintiff threatened to bring a RICO claim against Mr.

19 Schmeltz for allegedly conspiring with Schwab. That threat was one of the factors

20 that led to the suspension of Plaintiff's law license. Despite that consequence, Plaintiff

21 has now made good on his threat by bringing this very suit.

22     This Memorandum will not mince words—this case is an unfounded attempt

23 to harass Mr. Schmeltz, who has already spent years as the victim of Plaintiff's abuse.

24 Plaintiff's Complaint bears this out. At its core, Plaintiff's claim is merely that

25 Schwab mailed account statements to the wrong address. But from this simple issue,

26 Plaintiff has spun a tale of RICO and Illinois state-law claims against Schwab, Mr.

27 Schmeltz, and Schwab's in-house counsel Garrett Wynne.

28     Fortunately, the Court does not need to address the merits of Plaintiff's

1  untenable claims. That is because the Complaint should be dismissed for any one of

2  three overarching procedural reasons. *First*, Plaintiff failed to properly and

3  sufficiently serve Mr. Schmeltz with process. *Second*, Mr. Schmeltz lacks the contacts

4  with California that create personal jurisdiction over him. *Third*, venue is improper in

5  this District.

6  **II.  BACKGROUND**

7      **A.  The Complaint's General Allegations[1]**

8      The Complaint alleges that prior to her death, Plaintiff's mother, Dr. Sandra

9  Gomez, opened two IRA accounts at Schwab for Plaintiff's minor son Arthur Gomez.

10  (Dkt. 1 ¶ 3.) The accounts will be referred to herein as the "Schwab Accounts." (*Id.*)

11  On January 2, 2009, Sandra appointed Plaintiff as custodian of the Schwab Accounts.

12  (*Id.*) Plaintiff admits that the Schwab Accounts belong to his son Arthur and not to

13  Plaintiff. (*Id.* ¶ 7.)

14      The Complaint alleges that, on or about July 14, 2011, Plaintiff notified Schwab

15  of Sandra's death. (*Id.* ¶ 3.) Plaintiff contends that the notification established him as

16  the custodian of the Schwab Accounts. (*Id.*)

17      As far back as 2011, Schwab purportedly mailed monthly statements related to

18  the Schwab Accounts to Sandra's address (*i.e.*, 1645 Sonata Lane, San Marcos,

19  California) despite allegedly knowing that Plaintiff did not live there and that the

20  property had been sold. (*Id.* ¶ 5.)

21      Notwithstanding Plaintiffs' purported notices, Schwab allegedly sent more than

22  192 monthly statements for the Schwab Accounts to a "first and second set of

23  trustees" at Sandra's address while knowing it was a "bad address." (*Id.* ¶ 11.) Plaintiff

24  alleges that Schwab's mailing of the monthly statements to the "wrong" address was

25

26  ───────────────

27     [1]  The allegations of the Complaint cited and discussed in this Memorandum are assumed to be true solely for the purposes of this motion. Mr. Schmeltz reserves the right to deny any or all of those allegations at any appropriate time.

28

1    in furtherance of a "scheme[] to gain control over the accounts and/or extort releases,

2    and to attempt to cover up the malfeasance and misfeasance related to the [Schwab

3    Accounts]." (*Id.* ¶ 26.)

4        **B.**   **The Complaint's Allegations Against Mr. Schmeltz**

5          The Complaint barely mentions Mr. Schmeltz or makes any substantial

6    allegations with respect to his alleged participation in this purported "scheme."

7    Plaintiff alleges that Mr. Schmeltz "contrived to inform that Schwab had no assets of

8    Arthur's" and "continued that deception" by filing Case No. 19-cv-3833—the

9    Interpleader Action—to "cover up" his participation in the alleged scheme. (Dkt. 1 ¶¶

10   10, 11.)

11       **C.**   **The Interpleader Action And Resulting Disciplinary Measures**

12         Schwab, represented by Mr. Schmeltz, filed the Interpleader Action in the

13   Northern District of Illinois on June 7, 2019.[2] (RFJN Ex. 1.) During the pendency of

14   the Interpleader Action, Plaintiff's behavior crossed the line and devolved into threats,

15   including threats against Mr. Schmeltz. As a result, the Executive Committee for the

16   Northern District of Illinois disbarred Plaintiff from practicing in that Court for two

17   years. (RFJN Ex. 2 ¶¶ 2, 10-11.) The Illinois Disciplinary Commission then

18   suspended Plaintiff's Illinois law license on an emergency basis pending a full

19   hearing. (RFJN Ex. 3.) After that full hearing, at which Mr. Schmeltz testified, the

20   Illinois Disciplinary Commission's hearing board recommended that Plaintiff's

21   license be suspended for three years and until further order of the Illinois Supreme

22   Court.[3] (RFJN Ex. 4 at 7, 26.) The evidence the Illinois Disciplinary Commission

23   relied upon in making this recommendation included Plaintiff's threats to sue Mr.

24   _____

25   [2]    Contemporaneously with the filing hereof, Mr. Schmeltz is filing a Request
     for Judicial Notice ("RFJN") as to the complaint in the Interpleader Action and
26   other documents that the Court may judicially notice.

27   [3]    Plaintiff has challenged that recommendation in an appeal that remains
28   pending.

1   Schmeltz for a purported RICO violation. (*Id*. at 5-7.)

2   **D.     The Parties And Their Domiciles**

3       Plaintiff is, and all times relevant to this case was, an Illinois resident. (Dkt. 1

4   ¶ 1.) Plaintiff's son Arthur, on whose behalf Plaintiff purports to assert certain claims,

5   is and always has been an Illinois resident. (*Id.*)

6       Mr. Schmeltz's domicile is Illinois. (Declaration of Vincent Schmeltz III ¶¶ 1-

7   2).) Mr. Schmeltz has been a resident of Illinois since May 2000. (*Id.*)

8       Mr. Schmeltz is a lawyer and partner with Barnes & Thornburg LLP. (*Id.* ¶ 3.)

9   He maintains offices in Chicago and Washington, D.C. (*Id.*) Mr. Schmeltz is licensed

10  to practice law in Illinois and Washington, D.C. (*Id.*)

11      Mr. Schmeltz has represented Schwab as outside counsel in specific litigation

12  matters since 2012 or 2013. (*Id.* ¶ 6.) Mr. Schmeltz has had no responsibilities, duties

13  or authority concerning: (1) the administration of customer accounts at Schwab; (2)

14  the mailing or withholding of account statements for any Schwab account; or (3) the

15  disbursement of funds from any Schwab accounts. (*Id.* ¶ 7.)

16  **E.     Plaintiff's Purported Service On Mr. Schmeltz**

17      Despite Mr. Schmeltz's lack of involvement in administering the Schwab

18  Accounts, Plaintiff named him as a defendant in this case and purportedly served him

19  with process on May 13, 2022. (Schmeltz Decl. ¶ 9.) Copies of the documents

20  delivered to Mr. Schmeltz are attached as Exhibit A to the Schmeltz Declaration. (*Id.*)

21  Those documents are: (1) a complaint in a separate action that Plaintiff filed (Case

22  No. 21-cv-2039) to which Mr. Schmeltz is not a named party; (2) the Complaint in

23  this case; and (3) an un-issued summons directed to Larry Wiesenthal, who is a

24  defendant in Case No. 21-cv-2039, and that did not bear the court's seal or the clerk's

25  signature. (Schmeltz Decl. Ex. A.) The delivered documents did not include a

26  summons directed to Mr. Schmeltz for this action (or any other). (*Id.*)

27

28

### III. <u>THE COURT SHOULD DISMISS THE CLAIMS AGAINST MR. SCHMELTZ PURSUANT TO RULES 12(B)(4) AND (5)</u>

The Court should dismiss the claims against Mr. Schmeltz because Plaintiff failed to properly serve Mr. Schmeltz with a proper summons. A federal court does not have jurisdiction over a defendant unless the defendant has been served properly. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982).

Improper service and improper process may be addressed pursuant to Rules 12(b)(4) and (5). The difference between those rules is neither "always clear, nor always observed." *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006). However:

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a [R]ule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.

*Id*. Dismissal is warranted here under both Rule 12(b)(4) and (b)(5).

### A. <u>The Court Should Dismiss Under Rule 12(b)(4)</u>

The Court should dismiss the claims against Mr. Schmeltz because the process delivered to him was not proper. Rule 4(b) requires that once a summons is "properly completed":

> the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

And Rule 4(a) prescribes what must be included in a summons for it to be properly completed. It provides that a summons *must*:

- name the parties;

- be directed to the defendant;

- be signed by the clerk; and

- bear the court's seal.

Yet here, the materials that Plaintiff delivered to Mr. Schmeltz do not satisfy any of these requirements. There are at least five flaws.

*First*, Rule 4(a) requires the summons to name the parties. But the summons Plaintiff delivered to Mr. Schmeltz did not name the parties to this case. (Schmeltz Decl. Ex. A.) To the contrary, it named the parties to Case No. 21-cv-2039. (*Id.*)

*Second*, Rule 4(a) requires the summons to be directed to the defendant, and Rule 4(b) requires a separate summons for each defendant. But the summons delivered to Mr. Schmeltz was not directed to him. (*Id.*) Instead, it was directed to Larry Wiesenthal. (*Id.*)

*Third*, Rule 4(a) requires the summons to be signed by the clerk. But the summons delivered to Mr. Schmeltz was not so signed. (*Id.*)

*Fourth*, Rule 4(a) requires the summons to bear the Court's seal. But the summons delivered to Mr. Schmeltz did not bear any seal. (*Id.*)

*Fifth*, Rule 4(b) also requires a summons to be issued by the clerk. But the summons delivered to Mr. Schmeltz was not issued by the clerk. (*Id.*) In fact, a review of the docket shows that no summons has yet to be issued to Mr. Schmeltz.

The process that Plaintiff delivered to Mr. Schmeltz is obviously defective. That entitles Mr. Schmeltz to a dismissal of the Complaint under Rule 12(b)(4). *Wasson*, 237 F.R.D. at 424.

## B.   The Court Should Dismiss Under Rule 12(b)(5)

Rule 12(b)(5) allows a defendant to move to dismiss the action where service of process of a summons and complaint is insufficient. A plaintiff's failure to obtain valid process from the court to provide it with personal jurisdiction over the defendant is fatal to the plaintiff's case. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). Indeed, courts in this District have repeatedly held that, standing alone,

the failure to serve a summons warrants dismissal. *See, e.g., Henry v. City of Oakville*, 869 F.2d 1497 (9th Cir. 1989) (affirming dismissal); *Clancy v. Allstate Ins. Co.*, No. 20-cv-08668, 2021 WL 3861421, at *1 (N.D. Cal. Aug. 30, 2021) ("Failure to serve defendant with a signed and sealed summons . . . cannot be regarded as a mere oversight that warrants perfunctory amendment of process and is grounds for dismissal."). Further Rule 4(m) states that, if a defendant is not served within ninety days after the complaint is filed, the Court must dismiss the complaint unless the plaintiff shows good cause for the failure of service.

Here, the Court has *not* issued a summons for Mr. Schmeltz. Thus, no summons could possibly have been served on him. Plaintiff filed his Complaint on January 24, 2022. He failed to serve Mr. Schmeltz within ninety days. The Court granted Plaintiff an extension until May 31, 2022. (Case No. 21-cv-2039, Dkt. 28.) But Plaintiff still failed to have a summons issued for Mr. Schmeltz, let alone actually serve him. Nor has Plaintiff shown good cause to explain away these deficiencies. Accordingly, the claims against Mr. Schmeltz should be dismissed for Plaintiff's failure to comply with Rule 4.

## IV.   THE COURT SHOULD DISMISS THE CLAIMS AGAINST MR. SCHMELTZ PURSUANT TO RULE 12(B)(2)

The Court should dismiss the claims against Mr. Schmeltz pursuant to Rule 12(b)(2) because he is not subject to personal jurisdiction. It is hornbook law that a district court must dismiss claims against any defendant over which it lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

When opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). In cases like this one in which the motion to dismiss is the defendant's initial response to the complaint, the plaintiff must make a prima facie showing that personal jurisdiction exists. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 862 (9th Cir. 2022).

The Court may examine affidavits when adjudicating personal jurisdiction. *Id.* at 858; *Abbas v. Vertical Entm't, LLC*, No. 2:18-cv-7399-CBM-AFM, 2019 WL 3000654, at *1 (C.D. Cal. May 30, 2019). Indeed, the Court need not assume the truth of allegations in a pleading that are contradicted by an affidavit. *LNS Enters. LLC*, 22 F.4th at 858.

Personal jurisdiction over a nonresident defendant must comport with both the applicable state's long-arm statute and the demands of federal due process. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004). California's long-arm statute is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are identical. *Republic of Kazakhstan v. Ketebaev*, No. 17-CV-00246-LHK, 2017 WL 6539897, at *3 (N.D. Cal. Dec. 21, 2017).

The Complaint failed to allege facts sufficient to establish either general or specific personal jurisdiction over Mr. Schmeltz, and his Declaration establishes that he is not subject to personal jurisdiction in California.

### A.   There Is No General Jurisdiction Over Mr. Schmeltz

General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are "substantial" or "continuous and systematic." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

The Complaint fails to satisfy this test as to Mr. Schmeltz. It alleges neither Mr. Schmeltz's domicile nor that he has a substantial or continuous and systematic presence in California. The absence of these allegations is no accident. Plaintiff cannot make them in good faith.

Mr. Schmeltz is, and for years has been, domiciled in Illinois. (Schmeltz Decl. ¶ 2.) Mr. Schmeltz does not conduct "substantial" or "continuous and systematic" activities in California. He is an Illinois and Washington D.C. attorney with offices in those jurisdictions. (*Id.* ¶ 3.) His primary office is in Chicago, and he conducts the vast majority of his work there, not in California. (*Id.* ¶ 3.)

Mr. Schmeltz has appeared *pro hac vice* in California courts on unrelated matters in the past, and has traveled to California for some of those matters. (*Id.* ¶ 4.) In the last decade, however, his work-related travel to California has been sporadic, infrequent and limited to attending a handful of depositions and client meetings and one mediation. (*Id.* ¶ 4.) Mr. Schmeltz has occasionally traveled to California for vacation and to watch baseball games. (*Id.* ¶ 5.) He plans on vacationing in Malibu for a week this summer. (*Id.*)

None of these contacts with California, however, are sufficient for general jurisdiction under Supreme Court precedent. For example, in *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014), the Court held that having some business contacts in the forum state does not establish general jurisdiction over a non-resident defendant. And in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984), the Court found no jurisdiction where the defendant traveled to the forum state for a business meeting, accepted funds from the forum, sent employees for training there, and made purchases there.

### B.   There Is No Specific Jurisdiction Over Mr. Schmeltz

Plaintiff also fails to establish a basis for specific jurisdiction over Mr. Schmeltz.

A court may exercise specific jurisdiction if the nonresident defendant's "contacts with the forum give rise to the cause of action before the court." *Republic of Kazakhstan*, 2017 WL 6539897, at *4. The relevant inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1072 (9th Cir. 2017).

Courts in the Ninth Circuit apply a three-prong test to determine if there is specific jurisdiction: (1) the non-resident defendant must purposefully direct his activities to the forum state by availing himself of the privileges of the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *AMA Multimedia, LLC v. Wanat*, 970

F.3d 1201, 1208 (9th Cir. 2020).

The plaintiff bears the burden of proof with regard to the first two elements. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff satisfies its burden, then the burden shifts to the defendant to "present a compelling case" that exercising jurisdiction would be unreasonable. *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Regardless of burden, none of the elements are satisfied here.

### 1.    No Purposeful Availment

As to whether Mr. Schmeltz "purposefully avail[ed] himself of the privileges" of the forum, Courts rely on the "*Calder* effects" test in RICO cases like this one. That test requires the defendant to have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *AMA Multimedia*, 970 F.3d at 1208-09. "Failing to sufficiently plead any one of these three elements is fatal to Plaintiff's attempt to show personal jurisdiction." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1163 (N.D. Cal. 2014).

Plaintiff has not, and indeed cannot, allege these elements as to Mr. Schmeltz.

### a.    No Intentional Act

The Complaint alleges that Mr. Schmeltz "diverted or participated in the diversion" of Plaintiff's mail starting in 2011. (Dkt. 1 ¶ 2.) Yet, the Complaint is devoid of allegations as to what Mr. Schmeltz supposedly did to divert or participate in the diversion of Plaintiff's mail. Reading between the lines, what the Complaint must mean is that Mr. Schmeltz caused Schwab to send the mail to the wrong address. But that confuses the principal-agent relationship between Schwab and Mr. Schmeltz. It is Schwab (the client) that instructs Mr. Schmeltz (its lawyer)—not vice versa. Anyway, as Schwab's outside litigation counsel, Mr. Schmeltz has had no involvement in the management of specific accounts or determining the mailing address to which Schwab mails account statements. (Schmeltz Decl. ¶ 7.) He also did not even represent Schwab in 2011 when the alleged mail-diversion scheme began.

(*Id.* ¶¶ 6, 8.) Accordingly, Plaintiff has not (and cannot) allege that Mr. Schmeltz took intentional acts in the real world with respect to the alleged mail-diversion scheme at the heart of the Complaint.

### b.   No Express Aiming

The next element of purposeful availment is "express aiming." That element is also not satisfied as to Mr. Schmeltz.

Express aiming encompasses wrongful conduct that individually targets the forum. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156-57 (9th Cir. 2006). However, a mere injury to a forum resident is not sufficient, and the plaintiff cannot be the only link between the defendant and the forum. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The Court is not required to accept conclusory allegations related to express aiming as true. *See, e.g., Salesbrain, Inc. v. AngelVision Techs.*, No. 12-cv-05026, 2013 WL 1191236, at *11 (N.D. Cal. Mar. 21, 2013); *Alexandria Real Estate Equities, Inc. v. RUNLABS (UK) Ltd.*, No. 18-cv-07517, 2019 WL 4221590, at *13 (N.D. Cal. Sept. 5, 2019).

The express aiming requirement is not met here for several reasons. The Complaint alleges that, at all relevant times, Plaintiff and his son Arthur were Illinois residents. (Dkt. 1 ¶ 1.) Thus, any conduct Mr. Schmeltz allegedly directed toward them did not target a known forum resident or even someone located in California. That is fatal to the express-aiming requirement. *Pebble Beach*, 453 F.3d at 1156-57.

Moreover, the Complaint alleges that Defendant Wynne lied to Plaintiff and Arthur regarding the Schwab Accounts and that Mr. Schmeltz "continued that deception" when he filed the Interpleader Action. (Dkt 1 ¶ 9.) Yet that conclusory allegation need not be taken as true. Even if it were taken as true, it is still insufficient to establish express aiming because it does not establish any conduct directed toward California. It establishes only that Mr. Schmeltz, acting as Schwab's outside counsel, filed an action in Illinois against two Illinois residents. That comes nowhere close to being conduct "aimed" at California.

Further, the Complaint does not allege that the Schwab Accounts (or the assets in them) are or were in California. This further underscores the absence of express aiming here. *See Abrahamson v. Berkley*, No. 16-cv-0348, 2016 WL 8673060, at *7 (E.D. Cal. Sept. 2, 2016) (no express aiming where funds and assets were not in the forum state).

### c.   <u>No Foreseeable Harm In California</u>

The third purposeful availment requirement is not met either. This requirement addresses whether the defendant's intentional act has foreseeable effects in the forum. *See Imageline, Inc. v. Hendricks*, No. 09-cv-1870 DSF (AGRx), 2009 WL 10286181, at *4 (C.D. Cal. Aug. 12, 2009). The requirement is met only where the defendant's conduct caused harm that he *knew* was likely to be suffered in the forum. *Id.*

The Complaint pleads Plaintiff out of court with respect to this requirement. It alleges that, at all relevant times, Plaintiff and Arthur were Illinois residents. (Dkt. 1 ¶ 1.) The damages alleged in the Complaint are that Plaintiff purportedly incurred over $250,000 in fees and costs as well as various undefined tax obligations. (*Id.* ¶ 42.) But those alleged damages could have been suffered by Plaintiff and Arthur only in Illinois where they reside.

Given the foregoing, Mr. Schmeltz could never be said to know that Plaintiff would likely suffer damages in California. That is yet another fatal flaw requiring dismissal. *See, e.g., Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (affirming no jurisdiction where plaintiff's injury was "not tethered to California in any meaningful way"); *Nutrition Distrib. LLC v. Fulfillment Pros LLC*, No. 16-cv-3115-BAS-JLB, 2017 WL 3605340, at *3 (S.D. Cal. Aug. 21, 2017) (dismissing complaint where non-resident plaintiff failed to allege how defendants knew that their conduct was likely to cause plaintiff to suffer harm in California).

### 2. This Case Does Not Arise Out Of Mr. Schmeltz's California Activities

The second prong of the specific jurisdiction test requires the claim to arise out of or relate to the defendant's forum-related activities. *AMA Multimedia*, 970 F. 3d at 1208. That requirement is met only if "but for the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). This requirement is not met as to Mr. Schmeltz.

As discussed above, Mr. Schmeltz's activities directed toward California are traveling there for vacation and recreation, appearing as a lawyer in litigation matters, and attending a few related in-person meetings or depositions. This case does not arise out of any of those activities. Moreover, Mr. Schmeltz lacked any duties, responsibilities or authority related to the mailing of the account statements that this case is all about. (Schmeltz Decl. ¶ 7.) Accordingly, Plaintiff's claim does not arise out of Mr. Schmeltz's California-related activities.

### 3. Jurisdiction Over Mr. Schmeltz Would Not Be Reasonable

Even if prongs one and two were met (which they are not), the exercise of personal jurisdiction must still be reasonable. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993). To determine reasonableness, courts balance seven factors. *Id.* at 1487-88. Under each factor, the exercise of personal jurisdiction over Mr. Schmeltz would be unreasonable.

**Factor 1.** The first factor addresses the extent of the defendant's purposeful interjection into the forum state's affairs. As discussed above, Mr. Schmeltz has made no "interjections" into California's affairs that are at all related to this case. This factor favors a finding of no specific jurisdiction.

**Factor 2.** The next factor examines the burden that defending in the forum imposes on the defendant. Because Mr. Schmeltz resides in Illinois, traveling to California to defend this case and testify in it would impose a burden. This factor

favors a finding of no specific jurisdiction.

**Factor 3.** The third factor assesses the extent of any conflict with the sovereignty of the defendant's state. Litigating this case in California may infringe upon Illinois' sovereignty. Indeed, in Count II of the Complaint, Plaintiff purports to assert a claim premised on an Illinois statute that seeks to protect Illinois minors and their assets. This factor thus favors a finding of no specific jurisdiction.

**Factor 4.** Factor four considers the forum state's interest in adjudicating the dispute. Plaintiff and Arthur—on whose behalf Plaintiff purports to bring certain claims—are not California residents. That means that California's interests in this dispute are "considerably diminished." *Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 114 (1987). This factor favors a finding of no specific jurisdiction.

**Factor 5.** The fifth factor looks to the forum for the most efficient judicial resolution of the controversy. California is not an efficient forum to resolve the dispute. Plaintiff, Arthur and Mr. Schmeltz, each of whom will likely testify at trial, are not California residents. That favors a no-jurisdiction finding. *Nutrition Distrib. LLC*, 2017 WL 3605340, at *4 (factor five favors defendant where all witnesses are not in California). Moreover, some of the facts and issues relevant to Plaintiff's claims have previously been litigated in the Interpleader Action. Thus, the court in the Interpleader Action is familiar with the underlying facts. This too weighs against jurisdiction. *See Doe v. Geller*, 533 F. Supp. 2d 996, 1009-10 (N.D. Cal. 2008) (the forum familiar with a prior dispute between the parties is the more efficient forum).

**Factor 6.** This factor addresses the importance of the forum to the plaintiff's interest in convenient and effective relief. Because Plaintiff is an Illinois resident complaining that he suffered damages in Illinois, he should have no interest in litigating in California. *See Nutrition Distrib. LLC*, 2017 WL 3605340, at *4 (factor six favors defendant where plaintiff is not a California resident). Further, the fact that two courts in Illinois have sanctioned Plaintiff for misconduct towards Mr. Schmeltz

shows that Plaintiff's choice of forum here should be given no weight.

**Factor 7.** The final factor looks to the existence of an alternative forum. As set forth in the next Section immediately below, there is an alternative forum—the Northern District of Illinois. Plaintiff is trying to escape that forum because he was sanctioned there for threatening to bring this very case. That weighs against jurisdiction in California.

## V.   THE COURT SHOULD DISMISS THE CLAIMS AGAINST MR. SCHMELTZ UNDER RULE 12(B)(3)

Plaintiff's claims against Mr. Schmeltz are claims by one Illinois resident against another Illinois resident, and one of those claims purports to arise under Illinois law. This Court is not the proper venue for those claims.

Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue is not proper in the Central District of California under any of the subsections of Section 1391(b).

**Subsection (1).** There is no venue under Section 1391(b)(1) because all defendants are *not* residents of California. Indeed, Mr. Schmeltz is an Illinois resident. (Schmeltz Decl. ¶ 2.)

**Subsection (2).** Venue is also not supported by Section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims did *not* occur in the Central District of California, and a substantial part of the property that is the subject of this case is *not* situated here. If, as Plaintiff alleges, Mr. Schmeltz somehow

conspired with Schwab to send Plaintiff's mail to the wrong address, then Mr. Schmeltz would have taken those actions in Illinois where he resides and where his primary office is. Further, the Schwab Accounts are property belonging to Arthur, and he resides in Illinois.

**Subsection (3).** Section 1391(b)(3) confers venue only where there is no district in which the case may otherwise be brought as provided in Section 1391(b)(1) and (2). But here, there is another district where Plaintiff could bring this suit—the Northern District of Illinois. Venue there would be proper under Section 1391(b)(2) because a substantial part of the alleged events or omissions giving rise to the claims against Mr. Schmeltz occurred there.

## VI.   CONCLUSION

For any or all of the foregoing reasons, the Court should dismiss Plaintiff's claims against Mr. Schmeltz with prejudice.[4]

Dated:  June 3, 2022                    LARSON LLP


By:    /s/ Paul A. Rigali
_____
Paul A. Rigali
and
Andrew P. Shelby
Serena G. Rabie
(*pro hac vice forthcoming*)
NOVACK AND MACEY LLP
Attorneys for Defendant
VINCENT SCHMELTZ III

---

[4]      Mr. Schmeltz reserves the right to file at a later time a motion: (a) to dismiss under Rule 12(b)(6) for failure to state a claim; and/or (b) to transfer venue under 28 U.S.C. § 1404 for the convenience of the parties and witnesses.